### WIGHTMAN v. BRUSH et al.

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

JAIL AND JAILER—ACTION FOR CRUEL TREATMENT.

A complaint in an action against the officers of a prison for inflicting cruel and unusual punishment on a convict is fatally defective when it fails to allege that the acts complained of were not in accordance with the regulations of the prison, or that they were not necessary for the proper punishment of plaintiff, or to secure submission and obedience on his part, or that the punishment was not administered in accordance with legal regulations upon the subject.

Appeal from circuit court, Westchester county.

Action by Andrew J. Wightman against Augustus A. Brush, warden, and James Connaughton, keeper, of Sing Sing prison, for the infliction of cruel, unusual, and unlawful punishment by defendants on the plaintiff while he was confined in such prison. The complaint alleged that the ill treatment and cruel punishment consisted in hand-cuffing plaintiff's hands, rendering them useless, then confining him in wet dungeons for a period of eight days; that said dungeons contained no place on which the plaintiff could rest, and when exhausted he was compelled to lie on the floor in the water; and that during said periods of confinement he received no food but four ounces of bread with water daily, and on being removed from the dungeons he was for a long time placed in solitary confinement. A demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*George H. Bruce*, for appellant. *Charles F. Tabor*, Atty. Gen., for respondents.

PRATT, J. The plaintiff alleges that while he was a convict in state-prison the defendants, the warden and principal keeper, abused and inflicted unnecessary and cruel punishment upon him, and claims damages therefor. However, the specific acts of cruelty are set out in the complaint, and the plaintiff is bound by such allegations; and the demurrer goes no further than to admit such specific acts. The acts described seem to be authorized by statute, if, in the opinion of the warden, it was deemed necessary in order to produce entire submission or obedience of the convict. Section 108 (7th Ed.) Rev. St. p. 2617. It is not necessary to decide that in no case can a convict have his action for damages for personal injuries inflicted upon him while in prison. It may well be that if an officer, outside the line of his duty, should commit a wanton and unprovoked assault upon a prisoner, such officer would be liable to an action for damages. That point we do not decide, as it is not necessary to a determination of this case. There is no allegation in the complaint that the acts done by the defendants were not in accordance with the regulations of the superintendent, or that they were not necessary for the proper punishment of the plaintiff, or to secure submission and obedience upon his part, or that the same were not administered in accordance with the legal regulations upon that subject. We think the demurrer was properly sustained, and the judgment must be affirmed, with costs.